**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA LEONARD,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>METLIFE INSURANCE COMPANY, et al.,<br>　　　　Defendants. | NO. CV 12-10003 SVW (SSx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES' STIPULATED PROTECTIVE ORDER** |

　　　　The Court has received and considered the parties' "Joint Stipulation And Proposed Order Of Confidentiality" (the "Protective Order"). The Court cannot adopt the Protective Order as stipulated to by the parties. The parties may submit a revised stipulated protective order, but must correct the following deficiencies:

　　　　The parties define "Confidential Information" to mean the "confidential and/or proprietary claims manual documents, or any portion thereof, to be produced by Defendant in this action which are not publicly available, and which are designated by Defendant as 'Confidential[.]'" (Protective Order at 2, ¶ 1). While the Court

believes that this definition of confidential information is sufficiently narrow, the remaining terms of the protective order are problematic.

The Court cannot agree to the procedure the parties propose for resolving disputes. (Protective Order at 2, ¶ 3). Before seeking court intervention in any discovery matter, the parties must strictly comply with the Central District's Local Rule 37, including the letter and meet and confer requirements set forth in L.R. 37-1. Both parties must timely file a written joint stipulation containing all issues in dispute. C.D. Cal. L.R. 37-2, 37-2.1. The form and preparation of this stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2. C.D. Cal. L.R. 37-2.1, 37-2.2. The Court will not consider the dispute unless the stipulation or a declaration from the moving party describing how the opposing party failed to cooperate in formulating the stipulation is timely filed. See C.D. Cal. L.R. 37-2.4.

The Court cannot agree to the parties' stipulation regarding the use of claims manual documents, or any portion thereof, at any hearing or trial of this case. (See Protective Order at 3, ¶ 9). The instant protective order is before the Court for discovery purposes only, and the parties cannot use a protective order to control the admission of evidence at a hearing or trial.

The Court cannot agree to the procedure the parties propose for the filing of documents under seal. (See Protective Order at 4, ¶ 11). The filing and disclosure of confidential court records must comply with the Central District's Local Rule 79-5. If confidential material is

1  included in any papers to be filed in Court, such papers must be
2  accompanied by an application, pursuant to Local Rule 79-5.1, to file
3  the papers — or the confidential portions thereof — under seal. The
4  application shall be directed to the judge to whom the papers are
5  directed. Pending ruling on the application, the papers or portions
6  thereof subject to the sealing application shall be lodged under seal.
7  Local Rules 79-5.2 and 79-5.3 govern the disclosure of confidential
8  court records and Local Rule 79-5.4 sets out the parties' responsibility
9  to redact or exclude personal identifiers.

11  Finally, the proposed Protective Order fails to include an adequate
12 statement of good cause. Foltz v. State Farm Mut. Auto Ins. Co., 331
13 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis
14 requires examination of good cause) (citing Phillips v. Gen. Motors
15 Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)). The Court may
16 enter a protective order only upon a showing of good cause. Kamakana
17 v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006)
18 (parties must make a "particularized showing" of good cause for court
19 to enter protective order); Phillips, 307 F.3d at 1210-11 (Rule 26©
20 requires a showing of good cause for a protective order); Makar-Wellbon
21 v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even
22 stipulated protective orders require good cause showing). In any
23 revised stipulated protective order submitted to the Court, the parties
24 must include a statement demonstrating good cause for entry of a
25 protective order pertaining to the documents or information described
26 in the order. The paragraph containing the statement of good cause
27 should be preceded by a heading stating: "GOOD CAUSE STATEMENT." The
28

parties shall articulate the specific prejudice or harm that will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130.

Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption:  "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED:  September 17, 2013

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE